IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAMEZ GHAZZAOUI           *
                          *
                          *
v.                        *     Civil No. – JFM-14-1410
                          *
ANNE ARUNDEL COUNTY, MD, ET AL.  *
                      ******

## MEMORANDUM

In this action plaintiff asserts claims for violations of the Maryland Declaration of Rights and 42 U.S.C. §1983 and common law claims under Maryland law for assault and battery, false arrest, false imprisonment and malicious prosecution. Discovery has been completed and defendants, Anne Arundel County, Dwayne Raiford, and Doyle Holquist, have filed a motion for summary judgment. The motion will be granted.

I.

On the evening of April 26, 2013, plaintiff was transporting some gasoline cans in his car. Gasoline leaked from the cans, and plaintiff left the car in his garage with the doors open and the trunk up to air out the vehicle. Later than evening, a guard for the security agency that protected the community where plaintiff resided observed that the garage door of plaintiff's residence was open, a car was in the garage with the doors open and the trunk up and keys were in the ignition. He notified the Anne Arundel County police and requested that a unit be sent to the location.

Holquist and Raiford arrived at the scene and confirmed the observations that had been made by the security guard. They also noticed that the interior door from the garage to the

1

residence was unlocked, and they entered the house. It was dark inside. The officers had a flashlight in one hand and a gun in the other.[1]

After looking around the first floor, they went up to the second floor. Holquist saw plaintiff lying in a bed. He awakened plaintiff, identified himself as a police officer, and requested plaintiff's identification so that the officers could verify that plaintiff belonged at the residence. There is a dispute between the parties as to whether the discussion was heated. In his deposition Holquist testified that plaintiff stated that the officers were trespassing in his house. In any event, plaintiff stated that his identification was on the first floor and went downstairs with Holquist where he retrieved his driver's license from a billfold. Holquist then radioed the teletype operator at the police department to obtain information as to whether plaintiff was under any kind of court order and to confirm that the address on the driver's license was the current address with the Motor Vehicle Administration.

Holquist then heard a scuffle. Raiford and plaintiff had moved out of the kitchen, where plaintiff's billfold was, into the area of the main foyer. When Holquist saw them, plaintiff was on the floor on his stomach, Raiford was on top of him, and Raiford was holding one of his hands behind his back in an attempt to handcuff him. Holquist secured plaintiff's free arm and put it behind his back so that Raiford could complete the handcuffing procedure. Raiford then escorted plaintiff out of the house. The officers had learned that plaintiff's daughter was sleeping in another bedroom. Holquist awakened her and arranged for neighbors to pick up the her up.

The parties dispute what happened before Raiford placed plaintiff on the floor. Plaintiff was holding a pen to record the officers' names, and Raiford alleges that plaintiff poked him

---

[1] Plaintiff does not challenge the validity of the warrant.

with the pen. Plaintiff contends that Raiford slammed him against several walls, that his face hit the first wall, and that Raiford pushed or tripped him and made him fall face first to the floor so that his face hit a step. Plaintiff also claims that Raiford grabbed his head from the sides and slammed it to the floor twice. A picture taken at the police station when plaintiff was transported there shows slight superficial scrapes to the face. At the time plaintiff never sought any medical treatment. Plaintiff remained jailed until the evening of April 28, 2013 when he posted bond.

Plaintiff was first tried in the District Court of Maryland for Anne Arundel County. Similar charges against him were merged or dismissed, and plaintiff was convicted on the remaining charges. He filed an appeal to the Circuit Court for Anne Arundel County, where he was acquitted.

II.

Under Maryland law "Plaintiff's convictions establish . . . the existence of probable cause, regardless of whether the judgments are later reversed in subsequent proceedings." *Carter v. Durham*, No. WMN-14-2635, 2015 U.S. Dist. LEXIS 17276, at *6 (D. Md. Feb. 12, 2015). *See also Brown-Rice v. Maryland*, 2009 U.S. Dist. LEXIS 56800, *1-2 (D. Md. June 16, 2009). Application of this rule would seem to bar his state law claims and, to the extent that they were based upon an illegal arrest, his claims under federal law as well. *See Bussard v. Neil*, 616 F. Supp. 854, 856-57 (M.D. Pa. 1985); *Asuncion v. City of Gaithersburg*, 1996 U.S. App. LEXIS 48, at *5-6 (4th Cir. Jan. 3, 1996). Plaintiff argues, however, that the rule does not apply because his district court conviction "was obtained by fraud, perjury or other corrupt means." *Zablonsky v. Perkins*, 230 Md. 365, 369, 187 A.2d 314, 316 (Md. 1963) (internal citation and quotation omitted). Plaintiff has not proven that the district court proceedings were affected by fraud, perjury or other corruption. Plaintiff did succeed in obtaining his dismissal or merger of several

counts but the reason the trial court so ruled was technical in nature. Further, there is no proof that the district court judge acted improperly in any respect or that any witness committed perjury. Although the circuit court jury disagreed with the verdict returned in the district court, this does not establish that the witnesses in the first proceeding committed perjury in their testimony.

### III.

Plaintiff's claim for use of excessive force against him provides a closer question. There is a dispute between the parties as to what occurred before Holquist observed plaintiff and Raiford on the floor.[2]

There is, however, insufficient evidence to support plaintiff's version of what occurred. He did not seek any immediate medical attention, and the picture taken at the police station belies his assertion that he was injured as he certainly would have been if matters unfolded as he claims. Much later, plaintiff did seek medical attention for a cut lip but the doctor whom plaintiff consulted reported that plaintiff advised him that the injury had occurred many years before.

A separate order granting defendants' motion for summary judgment is being entered herewith.

Date: 9/24/15

J. Frederick Motz
United States District Judge

---

[2] The only evidence of the use of alleged excessive force against Holquist is that he assisted Raiford in securing plaintiff's arm so that the handcuffing procedure could be completed. Securing a person's arm for that purpose, does not constitute the use of excessive force.