FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2018 JUN -5 P 2: 57

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
Southern Division

\*

**RAMEZ GHAZZAOUI,**

    **Plaintiff,**

**v.**

**ANNE ARUNDEL COUNTY,
MARYLAND,** *et al.,*

    **Defendants.**

\*

\*

\*

\*

\*

\*

\*

\*

**Case No.: GJH-14-1410**

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

*Pro se* Plaintiff Ramez Ghazzaoui failed to obtain a favorable jury verdict in his action

against Defendants Anne Arundel County, Maryland, Anne Arundel County Police Officer

Dwayne Raiford and Corporal Doyle Holquist ("Defendants") following an altercation between

Ghazzaoui and the officers in Ghazzaoui's home. Ghazzaoui has filed three motions, all asking

the Court to overturn the jury's verdict and grant him a new trial. *See* ECF Nos. 144, 145, 146.

Defendants have filed a Response in Opposition to Ghazzaoui's motions, ECF No. 147, to which

he has not replied. No hearing is necessary. Loc. R. 105.6 (D. Md. 2016). For the following

reasons, Ghazzaoui's motions are denied.

## I. BACKGROUND[1]

The altercation between Ghazzaoui and the officers underlying Ghazzaoui's motions

herein occurred shortly before midnight on April 26, 2013, when the officers were dispatched to

Ghazzaoui's residence and observed an open garage containing a vehicle with open doors. The

---

[1] The complete factual and procedural background has been set forth in the Court's prior memorandum opinions and
the record produced at trial. *See* ECF Nos. 10, 57, 132–136.

1

officers then entered Ghazzaoui's residence, found Ghazzaoui asleep in his bed, and asked to see

his driver's license to confirm that he was permitted to be in the residence. During this exchange,

the parties got into a physical altercation that ultimately led to Ghazzaoui's injury and arrest.

As a result of this interaction, Ghazzaoui was charged with obstructing and hindering a

police officer in the performance of his lawful duties, resisting arrest, failing to obey a

reasonable and lawful order of a law enforcement officer, and causing physical injury in the

second degree to a law enforcement officer engaged in his official duties. Subsequent to his

arrest, the District Court for Anne Arundel County ("District Court") acquitted Ghazzaoui on the

charge of failing to obey a reasonable and lawful order and granted Ghazzaoui Probation Before

Judgment on the remaining charges. Ghazzaoui appealed the District Court's ruling to the Circuit

Court for Anne Arundel County, and the remaining charges were ultimately disposed of in his

favor, either by jury verdict or dismissal.

Following resolution of Defendants' Motion to Dismiss and Motion for Summary

Judgment, ECF Nos. 10 and 58, as well as review by the Fourth Circuit, ECF No. 74,[2]

Ghazzaoui's remaining claims were as follows: claims against Raiford for excessive force, false

arrest, false imprisonment, assault, battery, and malicious prosecution and claims against

Holquist for assault and battery. The Court held a motions hearing on November 20, 2017 and a

three day jury trial on November 28–30, 2017. During the motions hearing, the Court

adjudicated a number of pre-trial issues. Specifically, the Court ruled that the parties could not

present testimony related to Ghazzaoui's prior criminal proceedings in the District Court.

Although the District Court initially convicted Ghazzaoui on some of the charges brought against

him, the convictions were overturned, in part, based on a finding that Raiford had perjured

---

[2] Judge Motz initially granted summary judgment in favor of Defendants on all claims, but the Fourth Circuit
reinstated a number of claims.

himself during those proceedings. The Court determined that a review of the procedural history at the District Court, along with Raiford's purported perjury, would likely confuse the jury without having any probative value and ruled that these issues were therefore irrelevant.[3] In addition, the Court ruled that testimony on any prior civil actions relating to Ghazzaoui's disputes with his former spouse was also irrelevant.[4]

At trial, Defendants' attorney, Philip Culpepper, cross examined Ghazzaoui and, relevant to Ghazzaoui's motions herein, asked two notable questions.[5] First, Culpepper asked "You don't let people get away with misconduct by suing them whenever someone does something that you don't like?" The Court sustained Ghazzaoui's immediate objection. During a conference at the bench, removed from the jury, Culpepper argued that he did not intend to discuss Ghazzaoui's prior civil actions against his former spouse but rather sought to establish that Ghazzaoui had a history of litigious behavior. However, the Court determined that such facts were irrelevant, and Culpepper ended that line of questioning.

Second, Culpepper asked, "You testified that you were exonerated of all criminal charges, but the District Court actually found you guilty?" Ghazzaoui immediately objected and requested another conference at the bench, where he requested that the Court declare a mistrial. Culpepper opposed Ghazzaoui's objection and argued that Ghazzaoui had opened the door to

---

[3] "Under Maryland law, a conviction determines conclusively the existence of probable cause, regardless of whether the judgment is later reversed in a subsequent proceeding." *Asuncion v. City of Gaithersburg*, No. 95-1159, 1996 WL 1842, at *2 (4th Cir. Jan. 3, 1996) (citing *Zablonsky v. Perkins*, 187 A.2d 314, 316 (Md. 1963)). Maryland recognizes an exception, however, if "the conviction was obtained by fraud, perjury or other corrupt means." *Zablonsky*, 187 A.2d at 316 (internal quotation omitted). Because Defendants stated at the Pre-trial Conference that it was not intending to use the guilty verdict in the District Court proceeding to establish the existence of probable cause, the perjury finding was no longer relevant.

[4] The Court also ruled that Ghazzaoui could not 1) provide evidence that, as a result of the false arrest charge, Ghazzaoui had experienced difficulty in searching for new employment or 2) suggest that Raiford had a prior history of misconduct because the charges against Raiford that Ghazzaoui intended to introduce were ultimately dismissed. While Ghazzaoui states that he complied with the Court's instruction and did not mention such issues during trial, he does not appear to argue that these evidentiary rulings were in error or should be re-considered as a part of his motions herein.

[5] Neither party has requested a transcript of the jury trial, so the Court relies on audio recordings for any direct quotations reproduced herein.

this line of questioning when he previously stated that he had been acquitted of one charge by the District Court. However, the Court determined that Ghazzaoui's statement was technically correct and, consistent with the earlier motions hearing, stated that further discussion of the District Court proceedings was irrelevant. After sustaining Ghazzaoui's objection, the Court instructed the jury as follows: "I am going to sustain the objection of Mr. Ghazzaoui, you are to disregard the question that was asked regarding a supposed guilty finding by the District Court. You are to completely disregard that."

Prior to the start of the trial day on November 30, 2017, Ghazzaoui again asked the Court to reconsider his request for a mistrial and requested that the Court permit him to explain to the jury that the District Court never found him guilty of any charges; rather, he received Probation Before Judgment and then appealed the finding to the Circuit Court, where he was ultimately exonerated. The Court denied Ghazzaoui's request and stated the following: "I instructed the jury to disregard the statement. I think it was a sufficient curative instruction, and I don't think going further into those weeds makes things better. I think it would only make things messier and more confusing." At the close of trial, the jury deliberated and found Defendants not liable on all claims. *See* ECF No. 139. Thereafter, the Court entered Judgment in favor of Defendants. *See* ECF No. 142.

## II. DISCUSSION

Though Ghazzaoui has filed three separate motions for relief, each motion sets forth the same arguments, verbatim. Ghazzaoui argues that the jury's verdict was wrong, tainted by defense counsel's conduct during the trial, and that the Court improperly prohibited Ghazzaoui from entering evidence to rebut defense counsel's purported misconduct. *See* ECF Nos. 144 (Motion for Relief for Judgment pursuant to Fed. R. Civ. P. 60(b)(3)); 145 (Motion for New

4

Trial pursuant to Fed. R. Civ. P. 59(a)); 146 (Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e). Ghazzaoui does not set forth the legal standards underlying any of his three requested avenues of relief, but the Court finds that his arguments are most appropriately construed as a Motion for a New Trial pursuant to Rule 59(a).

Rule 59(a) provides that a court may grant a new trial "for any reason which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). A new trial should only be granted if the verdict "(1) is against the clear weight of the evidence, (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Wallace v. Poulos*, 861 F. Supp. 2d 587, 599 (D. Md. 2012) (citing *Knussman v. Maryland*, 272 F.3d 625, 639 (4th Cir. 2001)); *see also King v. McMillan*, 594 F.3d 301, 314 (4th Cir. 2010) (the decision to grant a motion for a new trial lies within the discretion of the district court).

In contrast, Rule 59(e) provides that a court may alter or amend a final judgment to correct a clear error of law and prevent manifest injustice. *See Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008) (also noting that Rule 59(e) may be used to accommodate an intervening change in law or account for new evidence not available at trial). And Rule 60(b)(3) provides that a court may relieve a party from a final judgment for fraud, misrepresentation, or misconduct by an opposing party.

Here, Ghazzaoui essentially asks the Court to re-consider its evidentiary rulings made during trial, making Rule 59(e) an inappropriate procedural rule to utilize. *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright, et al., *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995) ("[t]he Rule 59(e) motion may not be used to relitigate old matters")). Similarly, "Rule 60(b) does not authorize a motion merely for

reconsideration of a legal issue." *United States v. Williams*, 674 F.2d 310, 312–13 (4th Cir.

1982). Furthermore, though Ghazzaoui alleges that Culpepper's actions were done "knowingly

and maliciously," ECF No. 145 ¶ 10, the record shows that Culpepper's attempts to ask

questions relating to Ghazzaoui's prior civil suits or criminal charges was not done in an effort to

prejudice the jury or defy the Court's prior instructions; rather, the questions were asked in

response to statements made during Ghazzaoui's direct testimony.[6] *Cf. Schultz v. Butcher*, 24

F.3d 626, 630 (4th Cir. 1994) (Rule 60(b)(3) requires the moving party to prove misconduct by

clear and convincing evidence). Therefore, Rule 59(a) most appropriately capture's Plaintiff's

request.

The Court understands plaintiff's Motion as bringing two distinct arguments for why a

new trial should be granted. First, Plaintiff argues that the evidence at trial "clearly supports

every element of every count on the jury verdict sheet." *See* ECF No. 145 ¶ 18. However,

Plaintiff is unable to show how the jury's reliance on, or failure to consider, any single piece of

evidence warrants a finding by the Court that the jury's verdict was against the clear weight of

the evidence. Rather, Plaintiff is attempting to re-litigate his case by arguing why his

understanding of the facts supports a verdict in his favor.

For example, Ghazzaoui argues that the Court should throw out the jury's verdict on

Ghazzaoui's false arrest claim because the evidence presented at trial proves that Raiford did not

have probable cause to arrest Ghazzaoui for obstructing and hindering. *See* ECF No. 145 ¶ 20.ii.

In support, Plaintiff states that, contrary to the charges filed against him, he did not "obstruct and

hinder" the officers' investigation; he was simply "asking for Holquist's name while Holquist

was allegedly communicating on his radio device." *Id.* However, Defendants introduced

---

[6] Ghazzaoui incorrectly states that after sustaining his objections, the Court "reprimanded the Defendants' attorneys." *See* ECF No. 145 ¶ 13. To the contrary, while the Court did not agree with defense counsels' arguments in support of the questions, the Court did not reprimand the attorneys in any way.

testimony to suggest that Ghazzaoui was combative with the officers and impeded Holquist's attempts to quickly confirm Ghazzaoui's identity and ensure he was permitted to be in the residence. Therefore, the jury was presented with a factual dispute for them to resolve. Similar factual disputes persisted throughout the trial—Ghazzaoui presented testimony to suggest that he was the victim of overzealous policing and Defendants presented testimony to suggest that they responded reasonably to Ghazzaoui's uncooperative behavior. While these factual disputes were not resolved in Ghazzaoui's favor, nothing in the record suggests that the jury's findings of facts were against the clear weight of evidence and that a new trial is warranted.

Second, Ghazzaoui argues that Culpepper's attempts to introduce testimony of Ghazzaoui's prior civil actions or District Court criminal proceedings prejudiced Ghazzaoui because "the jury acted on a hard-to-shake-bias against Ghazzaoui despite being instructed not to do so." ECF No. 145 at 9. However, the Court finds that neither question posed by Culpepper had any such effect. The Court sustained Ghazzaoui's objection to Culpepper's question related to his propensity to sue others whom he feels has wronged him. Ghazzaoui was never required to answer the question, and at no point was the jury told that Ghazzaoui was involved in a number of lawsuits stemming from his separation from his former spouse.

The Court also sustained Ghazzaoui's objection to Culpepper's question related to the District Court's prior "guilty" finding. Both parties were prohibited from discussing the details of the District Court proceeding, and because the jury was not told that the District Court upheld many of Ghazzaoui's initial charges, there was no need to inform the jury that the District Court's ruling was overruled, in part, due to Raiford's perjury. The Court's instruction to the jury following Ghazzaoui's objection was explicitly clear—the jurors were to disregard Culpepper's

question on the "supposed guilty finding."[7] As a result, the only information provided to the jury

on the criminal charges underlying Ghazzaoui's false arrest, false imprisonment, and malicious

prosecution claims was that Ghazzaoui had been *exonerated* of all such criminal charges. While

Ghazzaoui contends that the mere fact that Culpepper insinuated that Ghazzaoui had, at one

point in time, been found guilty of the underlying criminal charges has irreversibly tainted the

jury, no such fact was ever offered as evidence. The Court has no basis to find that the jury

ignored the Court's instruction or that the District Court proceeding had any impact on, or

relevance to, the jury's verdict. Therefore, the Court finds that no error had been committed

during trial, and even if there had, any such error does not warrant a new trial. *See Pathways

Psychosocial v. Town of Leonardtown, Md.*, 223 F. Supp. 2d 699, 706 (D. Md. 2002) (a new trial

is only warranted when it is "reasonably clear that prejudicial error has crept into the record or

that substantial justice has not been done").

## III.     CONCLUSION

For the foregoing reasons, Plaintiff's Motions under Federal Rules of Civil Procedure

59(a), 59(e), and 60(b)(3), ECF Nos. 144, 145, 146, shall be denied. A separate Order follows.

Dated: June 5, 2018

GEORGE J. HAZEL
United States District Judge

---

[7] At the close of trial, the jury was also instructed that what the lawyers have said in their objections or in their questions is not evidence and that the jury should not show prejudice to any attorney because he objected to the admissibility of evidence or asked for a conference out of the hearing of the jury.